UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARY FREEZOR,<br><br>            Plaintiff,<br><br>    v.<br><br>CALIFORNIA GRILLS, INC. et al.,<br><br>            Defendants. | No.  2:12-cv-02578-MCE-CMK<br><br>**MEMORANDUM AND ORDER** |

Lary Freezor ("Plaintiff") filed a civil rights action based on the Americans with Disabilities Act ("ADA") and similar California laws (ECF No. 1) against California Grills, Inc. ("California Grills") which does business as Peko's Café ("Café") (collectively referred to as "Defendants").  Plaintiff is a paraplegic who uses both a wheelchair and a mobility equipped van to travel.  Café is a restaurant open to the public.[1]  Plaintiff's Compliant alleges that Café has several barriers which prevented Plaintiff from enjoying the goods, services, privileges, and accommodations offered at Café, including:
1) parking spaces that are not mobility van accessible; (2) parking spaces that are located in a dangerous position for an individual using a wheelchair; (3) unreachable door handles for a person in a wheelchair; and (4) bathrooms that are difficult for a person in a wheelchair to use.  Plaintiff continues to be unable to dine at Café.

---

[1] Unless specified otherwise the facts are from Plaintiff's Complaint.  (ECF No. 1.)

1

Plaintiff brought this action to force Defendants to make Café accessible to individuals in wheelchairs.

Defendants' Answer included twenty-three affirmative defenses.  (ECF No. 7.)  Plaintiff filed a Motion to Strike Defendants' affirmative defenses.  (ECF No. 11.)  Defendants oppose Plaintiff's Motion to Strike.  (ECF No. 17.)  Based on the reasons below, the Court grants Plaintiff's motion in part and denies Plaintiff's motion in part. [2]

**STANDARD**

The Court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  Federal Courts view motions under Rule 12(f) with disfavor and infrequently grant them.  5C Charles Alan Wright et al., Federal Practice and Procedure § 1380 (3d ed. 1998).  The Court views the pleading under attack "in the light most favorable to the pleader."  Garcia ex rel. Marin v. Clovis Unified Sch. Dist., 2009 WL 2982900, at *23 (E.D. Cal. Sept.14, 2009).

In order for a court to determine that a defense is "insufficient" as Rule 12(f) requires, the Court "must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed."  J & J Sports Productions, Inc. v. Delgado 2011 WL 219594, at *1-2 (E.D. Cal. Jan. 19, 2011) (quoting Schmidt v. Pentair, Inc., 2010 WL 4607412, at *2 (N.D. Cal. Nov. 4, 2010)); see also Bassett v. Ruggles et al., 2009 WL 2982895, at *24 (E.D. Cal. Sept.14, 2009); Lopez v. Wachovia Mortg. 2009 WL 4505919, at *5 (E.D. Cal. Nov. 20, 2009).

---

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1  "Immaterial matter is that which has no essential or important relationship to the claim for
2  relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527
3  (9th Cir. 1993), rev'd on other grounds 510 U.S. 517 (1994) (internal citations and
4  quotations omitted).  "Impertinent matter consists of statements that do not pertain, and
5  are not necessary, to the issues in question." Id. (internal citations and quotations
6  omitted).  Redundant matter includes "needless repetition of other averments or
7  [allegations that] are foreign to the issue." Sliger v. Prospect Mortg., LLC, 789 F. Supp.
8  2d 1212, 1216 (E.D. Cal. 2011).
9  The Ninth Circuit has cautioned that if "the [C]ourt is in doubt as to whether
10 challenged matter may raise an issue of fact or law, the motion to strike should be
11 denied, leaving an assessment of the sufficiency of the allegations for adjudication on
12 the merits." Id. (quoting Whittlestone, Inc. v. Handi-Craft Co. 618 F.3d 970, 973 (9th Cir.
13 2010)).

## ANALYSIS

17 The Court's analysis begins by determining whether Defendants' affirmative
18 defenses are (1) insufficient; (2) redundant; (3) immaterial; (4) impertinent; or
19 (5) scandalous as Rule 12(f) motion requires.  After reviewing Defendants' Answer,
20 Plaintiff's Motion to Strike and Defendants' Opposition to Plaintiff's Motion to Strike, the
21 Court concludes that a majority of Plaintiff's Motion should be denied, however, the
22 Court will grant Plaintiff's Motion to Strike as it relates to the Affirmative Defenses below.
23 (ECF Nos. 7, 11, and 17.)
24 First, the Court strikes Defendants' first and seventeenth affirmative defenses
25 titled "Failure to State a Claim."  The defense is pleaded twice which makes it redundant.
26 Additionally, failure to state a claim is not an affirmative defense.  J & J Sports
27 Productions, Inc. 2011 WL 219594, at *1; J&J Sports Productions, Inc. v. Montanez
28 2010 WL 5279907, at *1 (E.D. Cal. Dec. 3, 2010).

1 | If Defendants wish to argue that Plaintiff failed to state a claim, Defendants should file a
2 | 12(b)(6) Motion to Dismiss.
3 |       Second, the Court strikes Defendants' twenty-second affirmative defense titled
4 | "vexatious litigant." Defendants' twenty-second affirmative defense is immaterial. While
5 | district courts have the "inherent power to enter pre-filing orders against vexatious
6 | litigants," courts rarely issue such orders because they impact a litigant's due process
7 | right to access the courts. 28 U.S.C. § 1651(a) (2012); Molski v. Evergreen Dynasty
8 | Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). Further, the Court cannot find any case law
9 | that describes or states that a "vexatious litigant" is an affirmative defense. If
10 | Defendants want the Court to declare Plaintiff a "vexatious litigant," Defendants may file
11 | a properly noticed motion with facts that support its claim.
12 |       Because the Ninth Circuit has directed the Court to deny Rule 12(f) Motions if the
13 | Court is uncertain whether an affirmative defense is sufficient, the Court denies the
14 | remaining portions of Plaintiff's Motions to Strike.

**CONCLUSION**

18 |       Based on the foregoing reasons, the Court GRANTS Plaintiff's Motion to Strike
19 | Defendants' first, seventeenth and twenty-second defenses, and DENIES the remaining
20 | portions of Plaintiff's Motion. (ECF No. 11.)
21 |       IT IS SO ORDERED.
22 | Dated:   March 6, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE